**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| KEVIN HARDIE, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO: |
| *vs.* | ) | |
| | ) | |
| CHANDLER TELECOM, LLC; | ) | |
| JCB DEVELOPMENT, LLC; | ) | (JURY TRIAL |
| REUBEN CHANDLER; and | ) | DEMANDED) |
| BOBBIE LEE CHANDLER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys, and asserts his claims against Defendants under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for minimum wage and overtime compensation and other relief, as set forth herein:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) for the claims asserted under the Fair Labor Standards Act (herein referred to as the "FLSA").

2.

Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(1) as Defendant Chandler Telecomm, LLC resides in this judicial district.

## PARTIES

3.

Plaintiff Kevin Hardie (herein referred to as "Plaintiff") is a resident of Baldwin County, Georgia and a former employee of Defendants having been employed from, on or about, February 4, 2013 through July 16, 2013; and again from January 7, 2014 through July 2, 2014 and again from September 8, 2014 through December 26, 2014.

4.

Defendant Chandler Telecom, LLC (herein referred to as "Defendant Chandler Telecom") is a domestic Limited Liability Company existing under the laws of the State of Georgia with its principal place of business at 138 Hillsboro Road, Eatonton, Putnam County, Georgia 31024. Defendant Chandler Telecom may be served with process via service on its registered agent, Bobbie Chandler at her business address of 138 Hillsboro Road, Eatonton, Georgia 31024.

5.

Defendant Chandler Telecom is subject to the personal jurisdiction of this Court.

6.

Defendant Chandler Telecom was an employer of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d)

7.

Defendant JCB Development, LLC (herein referred to as "Defendant JCB Development") is a domestic Limited Liability Company existing under the laws of the State of Georgia. It is registered with the Georgia Secretary of State to do business in Georgia, and is doing business in Georgia.  It has its principal place of business at 138 Hillsboro Road, Eatonton, Putnam County, Georgia 31024. Defendant JCB Development may be served with process via service on its registered agent, Bobbie Chandler at her business address of 138 Hillsboro Road, Eatonton, Georgia 31024.

8.

Defendant JCB Development is subject to the personal jurisdiction of this Court.

9.

Defendant JCB Development was an employer of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d).

10.

Defendant Reuben Chandler is the managing officer of Defendant Chandler Telecom and Defendant JCB Development, and is a resident of Putnam County, Georgia.  Defendant Reuben Chandler may be served with process at his business address of 138 Hillsboro Road, Eatonton, Georgia 31024.

11.

Defendant Reuben Chandler is subject to the personal jurisdiction of this Court.

12.

Defendant Reuben Chandler was an employer of Plaintiff as defined by the FLSA, 29 U.S.C. § 203 (d).

13.

Defendant Bobbie Lee Chandler is the owner and CEO of Defendant Chandler Telecom and Defendant JCB Development, and is a resident of Putnam County, Georgia.  Defendant Bobbie Lee Chandler may be served with process at her business address of 138 Hillsboro Road, Eatonton, Georgia 31024.

14.

Defendant Bobbie Lee Chandler is subject to the personal jurisdiction of this Court.

15.

Defendant Bobbie Lee Chandler was an employer of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d).

16.

Defendants Chandler Telecomm and JCB Development are managed and owned by Defendants Reuben Chandler and Bobbie Lee Chandler and are under unified operation and/or common control and have a common business purpose. Defendants collectively constitute an "enterprise" as defined by the FLSA, 29 U.S.C. § 203 (r)(1).

## FACTUAL ALLEGATIONS

17.

Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on behalf of himself only. Plaintiff's Consent to Become a Party Plaintiff in this Fair Labor Standards Act Action is filed herewith as Exhibit "A."

18.

This action is brought by Plaintiff as a former non-exempt employee of Defendants for violation of the FLSA, based upon Defendants' failure to properly compensate Plaintiff for time worked, including failure to pay minimum wages, failure to pay overtime wages, and failure to pay the agreed and understood day rate for every day worked was performed by Plaintiff.

19.

Plaintiff was a non-exempt employee engaged in commerce by providing labor services for installation and integration work at cellular telephone sites in North Carolina, South Carolina, Tennessee, Kentucky and Virginia, and related work at Defendants construction and development site in Georgia.

20.

Plaintiff was employed by an enterprise engaged in commerce as defined in the FLSA, 29 U.S.C. § 203(s)(1)(A), specifically, an enterprise doing business in several states consisting of the installation and integration work at cellular telephone sites in North Carolina, South Carolina, Tennessee, Kentucky and Virginia, and related construction and development of commercial and residential properties in Georgia.

21.

Upon information and belief, in 2013 Defendant Chandler Telecom had an annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203 (s)(1)(A).

22.

Upon information and belief, in 2014 Defendant Chandler Telecom had an annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203 (s)(1)(A).

23.

Upon information and belief, in 2013 Defendant JCB Development had an annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203 (s)(1)(A).

24.

Upon information and belief, in 2014 Defendant JCB Development had an annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29

U.S.C. § 203 (s)(1)(A).

25.

Upon information and belief, in 2013 Defendants Chandler Telecom and JCB Development had a combined annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203 (s)(1)(A).

26.

Upon information and belief, in 2014 Defendants Chandler Telecom and JCB Development had a combined annual volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203 (s)(1)(A).

27.

Defendant Reuben Chandler was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he acted directly or indirectly in the interest of Defendants Chandler Telecom and JCB Development in his interactions with Plaintiff.

28.

Defendant Reuben Chandler directly controlled the terms and conditions of employment of Plaintiff.

29.

Upon information and belief, Defendant Reuben Chandler was the managing officer of Defendants Chandler Telecom and JCB Development.

30.

Upon information and belief, Defendant Reuben Chandler had authority and exercised control over the operations of the Defendants Chandler Telecom and JCB Development.

31.

Defendant Reuben Chandler exercised managerial authority and control over the business of Defendants Chandler Telecom and JCB Development, including directing the work of Plaintiff and other employees.

32.

Defendant Reuben Chandler exercised control over hiring and firing employees.

33.

Defendant Reuben Chandler controlled employee work schedules and conditions of employment of Plaintiff.

34.

Defendant Reuben Chandler determined the pay rate and the method of pay for Plaintiff and other employees.

35.

Defendant Reuben Chandler had authority and control over Defendants Chandler Telecom and JCB Development's policy and practice of misclassifying Plaintiff as an independent contractor to avoid paying minimum wages and overtime pay to Plaintiff as required by the FLSA.

36.

Defendant Bobbie Chandler was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d) inasmuch as she acted directly or indirectly in the interest of Defendants Chandler Telecom and JCB Development in her interactions with Plaintiff.

37.

Defendant Bobbie Chandler indirectly controlled the terms and conditions of employment of Plaintiff.

38.

Upon information and belief, Defendant Bobbie Chandler was the owner and CEO of Defendants Chandler Telecom and JCB Development.

39.

Upon information and belief, Defendant Bobbie Chandler had authority and exercised ultimate control over the operations, finances and administration of the Defendants Chandler Telecom and JCB Development.

40.

Upon information and belief, Defendant Bobbie Chandler exercised ultimate managerial authority and control over the business of Defendants Chandler Telecom and JCB Development, including final authority for directing the work of Plaintiff and other employees.

41.

Upon information and belief, Defendant Bobbie Chandler exercised the ultimate control over hiring and firing employees.

42.

Upon information and belief, Defendant Bobbie Chandler had ultimate control over employee work schedules and conditions of employment of Plaintiff.

43.

Upon information and belief, Defendant Bobbie Chandler had final approval of the pay rate and the method of pay for Plaintiff and other employees.

44.

Upon information and belief, Defendant Bobbie Chandler had ultimate authority and control over Defendants Chandler Telecom and JCB Development's policy and practice of misclassifying Plaintiff as an independent contractor to avoid paying minimum wages and overtime pay to Plaintiff as required by the FLSA.

45.

Defendants falsely claimed that Plaintiff was an independent contractor, and not an employee, for a portion of the work performed by Plaintiff, pursuant to Defendants' scheme to avoid paying minimum wages and overtime pay as required by the FLSA.

46.

In fact, Plaintiff was an employee and not an independent contractor with regard to all work performed for Defendants.

47.

Defendants controlled the work done by Plaintiff by deciding what work was to be done, when it was to be done, where it was to be done, and how the work was to be done.

48.

Defendants determined that Plaintiff would be paid wages in the form of a day rate for work actually performed each day, and there was no opportunity for profit or loss on behalf of Plaintiff.

49.

Defendants owned and controlled the equipment, trucks, tools and materials necessary for Plaintiff to accomplish the work.

50.

Plaintiff made no investment in and had no ownership interest in or control over such equipment, trucks, tools and materials.

51.

Plaintiff had no investment in any aspect of the Defendants' business.

52.

There was no return on investment or opportunity for return on investment for Plaintiff.

53.

Plaintiff was not required to have any special skills or training before being employed by Defendants.

54.

After commencing work, Plaintiff was trained, as needed and as determined, by Defendants regarding how the required work must be performed.

55.

The working relationship between Defendants and Plaintiff was ongoing, was not for a fixed and definite time period, and was not terminated upon completion of a work project.

56.

Instead, the working relationship continued indefinitely until either the Defendants, or Plaintiff decided to end the relationship.

57.

The work done by Plaintiff was an integral and essential part of Defendants' business.

58.

Plaintiff was provided with a company credit card for travel expenses and/or company accounts with suppliers to purchase necessary materials to perform the required work.  Also, expenses incurred by Plaintiff in performance of the work were reimbursed by Defendants.

59.

Plaintiff had no separate, independent business apart from working as an employee of Defendants.

60.

The work performed by Plaintiff for Defendants was his only means of livelihood.

61.

Plaintiff was performing personal labor for Defendants.

62.

Plaintiff was not engaged in his own business.

63.

The "economic reality" of the relationship between Defendants and Plaintiff manifested by all the incidents of employment, reflect an employer-employee relationship.

64.

Plaintiff's work period consisted of a seven day calendar week beginning on Monday and ending on Sunday.

65.

Plaintiff was to be paid a day rate by Defendants, although not all days worked by Plaintiff were paid by Defendants.

66.

Plaintiff was not guaranteed at least $455.00 per week in wages; and the amount of his weekly wages could fluctuate below $455.00 depending on the amount of time worked each week.

67.

Upon information and belief, all of Defendants' pay records for Plaintiff reflect that Plaintiff was paid only for work actually performed, and was not a salaried employee.

68.

 The manner in which Defendants paid Plaintiff on occasion resulted in Plaintiff being paid less than the required minimum wage rate of $7.25 per hour in certain workweeks.

69.

Throughout Plaintiff's employment with Defendants he was routinely scheduled to work in excess of forty (40) hours per week and he routinely worked in excess of forty (40) hours per week.

70.

Plaintiff was not subject to any exemption from the minimum wage and overtime pay requirements of the FLSA.

71.

Defendants have failed to meet the requirements for any exemption from application of the minimum wage and overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 206, 207 or 213.

72.

Plaintiff is required to be compensated at the agreed day rate, and no less than the minimum wage rate, and at a rate of one and one half times his regular hourly rate for each hour worked in excess of forty hours in each work period.

73.

Defendants knew or should have known that the FLSA applied to Plaintiff.

74.

Upon information and belief, in failing and refusing to pay Plaintiff the agreed day rate for all days worked, and the minimum wage rate, and the overtime pay as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff was an exempt employee or otherwise not entitled to pay pursuant to the FLSA.

75.

Upon information and belief, in failing and refusing to pay Plaintiff the agreed day rate for all days worked, and the minimum wage rate, and the overtime pay as required by the FLSA, Defendants have not relied on any legal advice indicating that such practice was permitted under the FLSA.

76.

Defendants have refused to adequately compensate Plaintiff at the agreed day rates for all days worked, for the minimum wage rate, and for work in excess of forty hours per work period, at the rates required by law, and have willfully refused to rectify the situation.

77.

Defendants are liable to Plaintiff for failure to pay the agreed day rate for all days worked, failure to pay minimum wage rates, and failure to pay time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular rate.

78.

Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 206, 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of

liquidated damages, and attorneys' fees and costs of litigation pursuant to FLSA § 216.

## CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF 29 U.S.C. § 206 and § 215

79.

Paragraphs 1 through 78 are incorporated herein by this reference.

80.

Defendants' failure to compensate Plaintiff for time worked at no less than minimum wage for all hours worked up to forty (40) hours per week is a violation of §§ 206, and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid minimum wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid wages, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT TWO
## VIOLATION OF 29 U.S.C. § 207 and § 215

81.

Paragraphs 1 through 78 are incorporated herein by this reference.

82.

Defendants' failure to compensate Plaintiff at time and one half of his regular hourly rate for all hours worked in excess of forty (40) per week is a violation of §§ 207, and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid wages, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff requests that this Court:

(a)    Take jurisdiction of this matter;

(b)    Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FLSA;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Issue a judgment declaring that Plaintiff was non-exempt employee covered by the provisions of the FLSA and that Defendants have failed

to comply with the requirements of the FLSA;

(e)     Award Plaintiff payment of all unpaid wages for every day he performed work for Defendants at the day rate agreed to and utilized by Defendants as required by 29 C.F.R. § 778.112;

(f)     Award Plaintiff payment for each hour worked up to forty (40) in any and every given workweek at a rate no less than the minimum wage rate of $7.25 per hour;

(g)     Award Plaintiff payment for each hour worked over forty (40) in each work week, calculated at one and one-half times the regular rate for each overtime hour worked;

(h)     Award Plaintiff liquidated damages equaling 100% of the unpaid wages, including minimum wages and overtime wages, as required by the FLSA;

(i)     Award Plaintiff prejudgment interest on all amounts owed;

(j)     Award Plaintiff nominal damages;

(k)     Award Plaintiff his reasonable attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b);

(l)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 14th day of July, 2015.


/s Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888

**DeLONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, GA 30303
(404) 979-3150 Telephone
(770) 859-0754 Facsimile/Direct Dial
benjamin@dcbflegal.com                    Attorneys for Plaintiff