## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Kevin Hardie (referred to herein as "Plaintiff") and Chandler Telecom, LLC, JCB Development, LLC, Reuben Chandler, and Bobbie Lee Chandler (collectively referred to herein as "Defendants")(Plaintiff and Defendants are referred to collectively herein as the "parties").

## RECITALS

WHEREAS, Plaintiff and Defendants are currently involved in a civil dispute based upon and arising out of Plaintiff's former employment with Defendants, as set forth in Case No. 5:15-cv-00274-CAR in the United States District Court for the Middle District of Georgia, Macon Division (the "Civil Action");

WHEREAS, Defendants deny all claims asserted against them in the Civil Action;

WHEREAS, Plaintiff and Defendants desire to resolve all matters between the parties and all matters arising out of Plaintiff's claims in the Civil Action;

WHEREAS, Plaintiff and Defendants have agreed to settle comprised claims, and Plaintiff's attorneys' fees were agreed upon separately and without regard to the amount to be paid to the Plaintiff; and

NOW THEREFORE, in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree to settle and resolve their dispute as follows.

## AGREEMENT

**1.     Court Approval.** Within five (5) business days after receiving this Agreement signed by Plaintiff, Defendants shall return to Plaintiff a fully executed copy of the Agreement, and the parties will promptly thereafter execute and file with the Court a Joint Motion for Approval of Settlement Agreement ("Joint Motion") with a proposed Order granting the same.  The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and the Joint Motion.  In the event the Court approves this Agreement, Plaintiff, if necessary, will file a Stipulation of Dismissal with Prejudice within five (5) business days of the Court's approval of this Agreement.

**2.     Consideration.** In exchange for the promises set forth in this Agreement, Defendants shall pay Plaintiff and his attorneys the total gross amount of TWENTY SEVEN THOUSAND, FIVE HUNDRED Dollars ($27,500) (the "Settlement Payment").  Specifically, Defendants shall pay Kevin Hardie SEVENTEEN THOUSAND TWO HUNDRED NINETY EIGHT Dollars ($17,298), and Defendants shall pay TEN THOUSAND TWO HUNDRED TWO Dollars ($10,202) for Plaintiff's attorneys' fees and expenses. The Settlement Payment shall be paid in one installment via checks made payable as follows:

A. SEVENTEEN THOUSAND TWO HUNDRED NINETY EIGHT Dollars ($17,298) to Kevin Hardie, one half of which is for unpaid wages and one half is for liquidated damages.

B. TEN THOUSAND TWO HUNDRED TWO Dollars ($10,202) to Mitchell D. Benjamin for the payment of Plaintiff's attorneys' fees, costs, and expenses.

F. Defendants shall deliver the payments so that they are actually received by attorney Mitchell D. Benjamin within five (5) business days of the Court's approval of this Agreement.

3. **Tax Liability.** Defendants Chandler Telecom, LLC and JCB Development, LLC (collectively the "Business Entities") are no longer in business. The individual Defendants Reuben Chandler and Bobbie Lee Chandler agree to make the settlement payments, but are not authorized by the IRS to withhold taxes on the portion of the settlement representing unpaid wages arising from Plaintiff's employment with the Business Entities. Therefore, Plaintiff acknowledges that no withholding will be made from the settlement proceeds, and Plaintiff has been advised to seek advice from professional advisors regarding tax treatment of this settlement and proper reporting to the IRS. Plaintiff acknowledges and agrees that he shall be solely responsible for any and all tax liability in connection with the Settlement Payment to him.

4. **Plaintiff's Release and Waiver of Claims.** Subject to timely receipt of the Settlement Payment, Plaintiff agrees for himself and all his heirs, executors, administrators, successors and assigns to forever release and discharge the Defendants from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, costs, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement, pertaining to the issues raised in Plaintiff's Complaint. This release includes all claims arising under the Fair Labor Standards Act ("FLSA") or under any other federal, state, or local statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory related to wage and hour claims.

5. **Defendants' Release and Waiver of Claims.** Upon the Court's entry of an Order approving this Agreement, Defendants forever release and discharge Plaintiff and his agents, attorneys, successors and assigns, heirs, executors, and administrators, from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement.

6. **Release Exclusions.** This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that, by express and unequivocal terms of law, may not under any circumstances be waived, released or extinguished. This Agreement does not prevent Plaintiff from filing a complaint with or cooperating with a government agency in any investigation or proceeding, although should he do so, he agrees that he will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to him. This Agreement does not act as a waiver of the parties' rights to enforce this Agreement.

7. **Affirmations.** Plaintiff represents and affirms as a material term of this Agreement that he has been paid and/or received all leave (paid or unpaid), bonuses, commissions, and/or benefits to which Plaintiff may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due, except as provided for in this Agreement. Plaintiff represents and affirms that all issues raised in Plaintiff's Complaint regarding compensation and wages are being resolved and compromised as provided for in this Agreement.

8. **Adequate Consideration.** The parties acknowledge that the consideration provided herein is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

9. **Binding Nature.** This Agreement, and all the terms and provisions contained herein shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns.

10. **Construction.** This Agreement shall not be construed in favor of one party or against the other.

11. **Partial Invalidity.** Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

12. **Compliance with Terms.** The failure to insist upon compliance with any term, covenant or condition contained in the Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Governing Law and Jurisdiction.** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

14. **Section Headings.** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

16. **No Admission.** It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

17. **Effective Date.** This Agreement shall be effective and enforceable upon execution by Plaintiff and approval by the Court.

18. **Time is of the Essence.** Time is of the essence as to every provision of this Agreement.

19. **Entire Agreement.** This Agreement and any attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

20. **Knowledge and Understanding.** The parties each acknowledge and agree that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had equal opportunity to participate in the drafting of this Agreement.

IN WITNESS WHEREOF, the parties hereto have hereunto set their hands and respective seals, this the day and year below written.

**Plaintiff**

_____  2/5/16
KEVIN HARDIE                Date

CHANDLER TELECOM, LLC

By: *[signature: Bobbie Chandler]*

Title: member/manager                    Date: 2/10/16

JCB DEVELOPMENT, LLC

By: *[signature: Bobbie Chandler]*

Title: member/manager                    Date: 2/10/16

*[signature]*                            Date: 2/10/16
REUBEN CHANDLER

*[signature]*                            Date: 2/10/16
BOBBIE LEE CHANDLER

5