IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN HARDIE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 5:15-CV-274 (CAR) |
| | : | |
| | : | |
| CHANDLER TELECOM, LLC; | : | |
| JCB DEVELOPMENT, LLC; | : | |
| REUBEN CHANDLER; AND | : | |
| BOBBIE LEE CHANDLER, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER GRANTING MOTION TO APPROVE FLSA SETTLEMENT

Currently before the Court is the parties' Joint Motion for Approval of
FLSA Settlement. Plaintiff Kevin Hardie, former employee of Defendants
Chandler Telecom, LLC, JCB Development, LLC, Reuben Chandler, and Bobbie
Lee Chandler, filed suit against Defendants seeking to recover unpaid minimum
wage and overtime compensation allegedly withheld from them by Defendants
in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*  The
parties have now agreed to settle the claims and are seeking judicial approval of

1

the settlement agreements as required by *Lynn's Food Stores, Inv. v. United States*.[1] As explained below, the Court **GRANTS** the parties' Motion [Doc. 15], approves the negotiated amount of attorney's fees, and hereby **DISMISSES** this case with prejudice.

As the parties recognize, there cannot be a private settlement of claims under the FLSA.[2]  The FLSA was enacted to protect employees from substandard wages and excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[3]   Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[4]   In this case, because Plaintiffs brought a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[5]   The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."[6]  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court may approve the settlement in

---

[1] 679 F.2d 1350, 1352 (11th Cir. 1982).
[2] *Id.*
[3] *Id.*
[4] *Id.; see also Lee v. Flightsafety Serv. Corp.*, 20 F.3d 428 (11th Cir. 1994).
[5] *Lynn's Food Stores*, 679 F.2d at 1353.
[6] *Id.* at 1353, 1355.

order to promote the policy of encouraging settlement of litigation."[7]

Here, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of compensation Plaintiffs are entitled to receive. Having reviewed the settlement agreement, the Court concludes that the settlement terms in the agreement are a fair and reasonable resolution of the bona fide disputes and approves the settlement agreement.

Judicial scrutiny of FLSA settlements also encompasses the amount for attorney's fees paid pursuant to those settlements.[8]  "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."[9]  Thus, this Court must review the negotiated amount of attorney's fees to be paid to Plaintiffs pursuant to the settlement agreement for reasonableness.

The law provides that "[a] request for attorney's fees should not result in a second major litigation."[10]  It is "perfectly proper to award attorney's fees based solely on affidavits in the record."[11]  "The court, either trial or appellate, is itself

---

[7] *Id.* at 1354.

[8] *See Siva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

[9] *Id.*

[10] *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (internal quotation marks and citation omitted).

[11] *Id.*

an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with our without the aid of witnesses."[12]

In calculating a reasonable attorney's fee award, the Court must determine the "lodestar," wherein the Court considers the number of hours "reasonably expended" on this litigation multiplied by a "reasonable hourly rate."[13]   Under the settlement agreement in this case, Plaintiffs' attorney will receive a total of $10,202.00 for approximately 68.5 hours of work expended, which amounts to a rate of $148.93 per hour.[14]

First, the Court must evaluate Plaintiffs' requested fee in terms of the appropriate hourly rate. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[15] Here, Plaintiffs' attorney's has submitted an affidavit attesting to the reasonableness of his rate. Having considered and weighed the evidence, counsel's reputation and experience in the areas of the applicable law, and the Court's familiarity with FLSA litigation and

---

[12] *Id.* (internal quotation marks and citation omitted).

[13] *Id.* at 1302.

[14] Plaintiff's attorney fees and expenses actually cost a total of $24,915.00, which amounts to a rate of $375.00 per hour.  However, Plaintiff's attorney agreed to recover $10,202.00, approximately a 60% reduction. Mitchell Benjamin Aff. [Doc. 15-2], at para. 8.

[15] *Norman*, 836 F.2d at 1299.

attorney's fees in general, the Court finds that counsel's hourly rate is reasonable and should be awarded in this case.

Next, this Court must evaluate Plaintiffs' requested fee for reasonableness in terms of the total number of hours expended by counsel.  Plaintiff's counsel requests an award for over 68.5 hours expended in this litigation. Having considered and weighed the evidence, this Court finds the hours spent on this case to be reasonable.  Plaintiff's attorney states "[t]he hours set forth … are accurate, were reasonably and necessarily devoted to the case, and reflect no duplication of effort."[16]  Indeed, the total fees and costs of $10,202.00 which will be paid to Plaintiffs' counsel do not exceed the actual fees and costs of over $24,000.00.  Moreover, Defendants have no objection to the number of hours Plaintiffs' counsel spent litigating this case.  Thus, this Court finds that the attorney's fees and costs of litigation to be paid under the settlement agreement are reasonable and do not taint the amount Plaintiffs agreed to accept in settlement of their FLSA claims.

## CONCLUSION

In light of the foregoing, the Court hereby **GRANTS** the parties' Joint Motion for FLSA Settlement [Doc. 15], and approves the negotiated amount of

---

[16] Mitchell Benjamin Aff., [Doc. 15-2] at para. 8.

attorney's fees to be paid to Plaintiffs' counsel and reimbursement for litigation costs, as specified in the settlement agreement.  This case is hereby **DISMISSED** with prejudice.

      **SO ORDERED** this 29th day of February, 2016.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

CML/ssh

6